USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/20/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

JOSHUA GOLSTON,

Defendant.

**Order**

23 Cr. 362 (AT)

The Government has submitted a motion requesting that the Court: (1) partially close the courtroom for the testimony of an undercover New York City Police Department officers (the "UC"); and (2) allow the UC to testify at trial without providing the UC's true name, instead using only pseudonyms.

With respect to the Government's request to partially close the courtroom during the UC's testimony, the Court has considered the four-factor test set forth in *Waller v. Georgia*, 467 U.S. 39, 43 (1984). The Court finds that: (1) the UC has significant experience conducting undercover operations into drug trafficking and other criminal organizations in New York City—particularly in the vicinity of Essex Street and Delancey Street—and elsewhere, and the UC continues to engage in such operations; (2) were the UC's identity to become known to the defendant or his associates, the UC's safety and life would be in grave danger; (3) because the UC often conducts joint operations with other undercover agents, revealing the UC's identity would put fellow agents in grave danger as well; (4) the Government's interest in protecting the UC's safety and in maintaining the continued effectiveness of ongoing undercover investigations is an extremely substantial interest, which would be seriously prejudiced by requiring the UC to testify in an open courtroom; (5) alternate means of protecting the UC—such as testifying in disguise—will themselves pose a substantial risk to the defendant's having a fair trial, as they

would impact the jury's ability to assess the UC's credibility; and (6) because the defendant's immediate family will be permitted in the courtroom during the UC's testimony, the transcript of the proceeding will be made available to the public shortly after the testimony is given, and a live audio feed of the UC's testimony will be provided in another courtroom, the proposed courtroom closure is no broader than necessary to protect the UC's safety and the integrity of ongoing investigations. Accordingly, the Government's request for limited closure of the courtroom is GRANTED.

The Government also asks to allow the UC to testify at trial without providing the UC's true name, instead using only pseudonyms. The Court has considered this request in light of the factors set forth in analogous New York State cases and other cases in this District. *See People v. Stanard*, 42 N.Y.2d 74, 84 (1977). The Court finds that: (1) the risk of the UC being recognized in the course of ongoing and future undercover work, leading to violent harm and potentially death, is a grave concern, which would be heightened if the UC's name were publicly disclosed; (2) testimony about the UC's name in no way goes to the defendant's guilt or innocence; (3) the limited open-court anonymity sought by the Government is not outweighed by the defendant's right to cross-examination because the Government will provide any impeachment material for the UC and has agreed to provide the UC's real name to defense counsel privately on an "Attorney's Eyes Only" basis, which will allow the defense to fully investigate the witnesses out of court in order to prepare for cross examination; and (4) the only limitation sought by the Government is that the defense not inquire in open court as to the UC's true name and that the defense not provide that name to anyone else, including the defendant, which is reasonable and

no more burdensome than necessary.  Accordingly, the Government's request for the UC to testify at trial without providing the UC's true name, and instead using only pseudonyms, is GRANTED.

SO ORDERED.

Dated: February 20, 2024
         New York, New York

_____
HONORABLE ANALISA TORRES
UNITED STATES DISTRICT JUDGE