```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 02/23/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
UNITED STATES OF AMERICA

       -against-

JOSHUA GOLSTON,

                       Defendant.

23 Cr. 362 (AT)

**ORDER**

ANALISA TORRES, District Judge:

      The Government moves (1) to quash Defendant's subpoena for trial testimony, ECF No. 59, and (2) for an order compelling discovery, ECF No. 60. For the reasons stated below, the motions are DENIED.

      First, the Government seeks to quash the subpoena issued to Walter Mikowski, a detective with the New York Police Department ("NYPD") who provided grand jury testimony in Golston's case. On February 22, 2024, Golston sought a Rule 17(b) subpoena for Mikowski to testify at trial. ECF No. 58. The Court issued the subpoena by *ex parte* order. *See* ECF No. 59. The Government argues that Mikowski's testimony would not be "relevant, admissible, or probative," as his grand jury testimony only "summarized reports, documents, and his conversations with other law enforcement officers concerning the investigation." ECF No. 58 at 1–2 (citing *United States v. Nixon*, 418 U.S. 683, 699–700 (1974)).

      The Court disagrees. Federal Rule of Evidence 613 permits the admission of "[e]xtrinsic evidence of a witness's prior inconsistent statement" for impeachment purposes. This is the proffered purpose of Mikowski's anticipated testimony: Mikowski testified before the grand jury about "what other NYPD officers told to him about what happened during and surrounding Joshua Golston's arrest," and Golston will call him only to impeach inconsistent statements from those officers, should they testify.[1] ECF No. 61 at 1–2. The witness being impeached will be "given an opportunity to explain or deny the [prior] statement," and the Government will be "given an opportunity to examine the witness about it." Fed. R. Evid. 613(b).

      The Government also contends that Golston failed to comply with the Department of Justice regulations—commonly referred to as the *Touhy* regulations—governing the United States' response to demands for testimony of federal law enforcement agents. ECF No. 58 at 1. It argues that the *Touhy* regulations apply because Mikowski is both an NYPD detective and a "Task Force Officer . . . assigned to the United States Attorney's Office for the Southern District of New York." *Id.* Even if the Government could properly invoke the regulations, they do not bar the issuance of a subpoena. Justice Frankfurter's concurrence in *Touhy* states that the Government cannot "shut off an appropriate judicial demand" for testimony. *United States ex*

---

[1] Golston also states that he will proffer the proposed impeachment evidence at the close of the Government's case. ECF No. 61 at 2.

*rel. Touhy v. Ragen*, 340 U.S. 462, 472 (1951) (Frankfurter, J., concurring).  Moreover, Golston has largely complied with the regulations, disclosing the subpoena and providing a summary of the testimony sought as related to the Jencks Act material that the Government produced.  ECF No. 61 at 2.  His failure to "comply strictly with [DOJ's] *Touhy* regulations" does not justify the remedy the Government seeks.  *United States v. Eldridge*, No. 09 Cr. 329, 2015 WL 4878141, at *2 (W.D.N.Y. Aug. 14, 2015).  The Government's request to quash the subpoena is, therefore, denied.

Second, the Government requests, pursuant to Federal Rule of Criminal Procedure 16(b), that Golston be ordered to produce any exhibits that he will introduce at trial by February 26, 2024.  ECF No. 60 at 1.

Rule 16(b) requires the defendant, if he requested and received disclosure from the Government under Rule 16(a)(1)(E), to reciprocally disclose evidence that he "intends to use . . . in [his] case-in-chief at trial."  Fed. R. Crim. P. 16(b)(1)(A).  What constitutes the defendant's case-in-chief does not turn on "who called the witness"; rather, "if a defendant seeks to present affirmative (non-impeachment) evidence through a government witness during the government's case in chief, the defendant's presentation of evidence during such an examination should be treated as part of the defendant's 'case-in-chief' for purposes of the defendant's disclosure obligations under Rule 16."  *United States v. Napout*, No. 15 Cr. 252, 2017 WL 6375729, at *7–8 (E.D.N.Y. Dec. 12, 2017).  "The distinction is impeachment," as the defendant does not have to disclose impeachment evidence.  *Id.* at *8.  "If the Court determine[s] that [the defendant] could have made timely disclosure, but failed to timely do so, the defendant [runs] the risk that the exhibit would be excluded" at trial.  *Id.*

The Government did not certify that it had conferred with the defense prior to filing the discovery motion, in violation of Local Criminal Rule 16.1.  A conference would have obviated the need for the motion: Golston states that he has already produced two exhibits to the Government and has produced non-impeachment evidence in accordance with his Rule 16(b) obligations.[2]  ECF No. 61 at 3.  The Government's motion is, therefore, denied as moot.

For the foregoing reasons, the Government's motions are DENIED.  The Clerk of Court is directed to terminate the motions at ECF Nos. 55, 57, and 60.

SO ORDERED.

Dated: February 23, 2024
       New York, New York

ANALISA TORRES
United States District Judge

---

[2] Golston notes that he has not yet turned over "a handful of photographs taken earlier [yesterday] at the Dunkin Donuts," which he shall disclose to the Government before trial.  ECF No. 61 at 3.

2