```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:   02/26/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-against-                                                    23 Cr. 362 (AT)

JOSHUA GOLSTON,
                                                             **ORDER**
                                    Defendant.

ANALISA TORRES, District Judge:

Defendant, Joshua Golston, requests four additional *in limine* rulings. Mot., ECF No. 64. For the reasons stated below, the motions are GRANTED in part and DENIED in part.

First, Golston requests that the Court exclude testimony about his "silence, and his demeanor while he remained silent," while he was in police custody and before he was Mirandized. Mot. at 1. The Supreme Court has cautioned that "[n]ot only is evidence of silence at the time of arrest generally not very probative . . . , but it also has a significant potential for prejudice." *United States v. Hale*, 422 U.S. 171, 180 (1975); *see also United States v. Tuzman*, No. 15 Cr. 536, 2017 WL 5903356, at *8 (S.D.N.Y. Nov. 27, 2017) (collecting cases). And, "[c]ourts have recognized that it is not unusual for any citizen—whether guilty or innocent—to feel some level of stress or nervousness when approached by a law enforcement officer." *United States v. Martoma*, 12 Cr. 973, 2014 WL 31700, at *2 (S.D.N.Y. Jan. 6, 2014) (excluding evidence that the defendant fainted when confronted by the FBI). Golston does not argue that the police lacked probable cause or reasonable suspicion to search him, in which case his "visibl[e] nervous[ness]" might be relevant. *See United States v. Hagood*, 78 F.4th 570, 576 (2d Cir. 2023). The Government does not otherwise explain how Golston's "stiff" demeanor is "plainly relevant to whether [he] knowingly possessed a firearm." Opp. at 1, ECF No. 65.

The Court finds that under Federal Rule of Evidence 403, the limited probative value of the evidence of Golston's silence and demeanor is substantially outweighed by a danger of unfair prejudice. Golston's motion to exclude this evidence is, therefore, GRANTED.

Second, Golston asks for an order precluding the Government from "publish[ing] to the jury" three segments of the Dunkin' surveillance videotape "where children walk by Mr. Golston while the [G]overnment alleges that he sold drugs." Mot. at 1–2. Golston argues that the footage is not probative, but is "inflammatory and prejudicial because the [G]overnment will allege that our client possessed a firearm near children." *Id.* at 2. The Government states that it "does not intend to play those three clips in court but does intend to offer the entirety [of the video], including those clips, as evidence." Opp. at 2. Accordingly, Golston's motion is DENIED as moot. The Government shall be permitted to offer the full video into evidence.

Third, Golston requests that if the Government elicits testimony that it is not the policy of the New York Police Department (the "NYPD") to test firearms for DNA, he should be permitted to subpoena representatives from the United States Attorney's Office ("USAO") "to

provide a fuller factual record." Mot. at 2. The Government states that it "does not intend to elicit this testimony unless the defense opens the door by calling into question why no DNA analysis was conducted" on the gun. Opp. at 2. Golston, in turn, argues that it is "fair and appropriate for [him] to point out that the DNA swabs that the NYPD took from the gun were never tested or compared with Mr. Golston's DNA." Reply at 1, ECF No. 66.

If the Government plans to elicit the challenged testimony at trial, it shall produce a witness who can testify about NYPD and USAO customs and practices with respect to DNA testing. The motion for a subpoena is, therefore, DENIED without prejudice to renewal.

Fourth, Golston argues that the Government should be precluded from eliciting testimony about the dangers of fentanyl. Mot. at 3. The Government states that it "does not intend to elicit testimony about the dangerousness of fentanyl," but rather to "briefly refer in its opening statement to the common-sense proposition" that fentanyl and cocaine "are dangerous and addictive." Opp. at 3.

Golston is charged with distributing and possessing with intent to distribute mixtures and substances containing detectable amounts of fentanyl, cocaine base, and methamphetamine. Indictment ¶¶ 1–2, ECF No. 4. He cites no case law to support his position that the Government should not at any point be permitted to mention the dangers of the controlled substances alleged, and the Court is aware of none. Although Golston suggests that such evidence is "more prejudicial than probative," Mot. at 3, it is "is not necessarily *unfairly* prejudicial." *United States v. George*, No. 11 Cr. 250, 2011 WL 2635808, at *4 (E.D.N.Y. July 5, 2011) (declining to exclude evidence about international drug trafficking where defendant was charged with possessing cocaine with the intent to distribute).

Golston's motion is, therefore, DENIED. To the extent necessary, Golston may make specific relevance objections to the Government's presentation at trial.

For the foregoing reasons, Golston's motions are GRANTED in part and DENIED in part. The Clerk of Court is directed to terminate the motion at ECF No. 64.

SO ORDERED.

Dated: February 26, 2024
New York, New York

_____
ANALISA TORRES
United States District Judge